UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRIS BRISCOE,

          Plaintiff,

   v.

GAVIN HEPBURN, *et al.*,

          Defendants.

Case No. C24-1888-JLR

REPORT AND RECOMMENDATION

Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in the above-entitled action. (Dkt. # 1.) The case is provisionally sealed pending Plaintiff's motion to seal the case. (Dkt. # 3.) In the IFP application, Plaintiff reported receiving $500 per week, having $100 cash on hand, and less than $100 in a checking account. (Dkt. # 1 at 1-2.) Plaintiff indicated that she and/or her spouse own valuable property but declined to state its approximate value, writing that she "prefer[s] to keep private due to conspiracy." (*Id.* at 2.) Furthermore, Plaintiff did not identify any monthly expenses, repeating that she "prefer[s] to keep private due to conspiracy" and adding that "NO income is the reason for the request." (*Id.*) Plaintiff provided no additional information to explain why she cannot pay court fees and costs. (*See id.*)

REPORT AND RECOMMENDATION - 1

On November 21, 2024, Plaintiff was ordered to show cause by November 29, 2024, why this Court should not recommend that her IFP application be denied or to submit an amended IFP providing the required information. (Dkt. # 4.) Specifically, Plaintiff was directed to inform the Court of the approximate value of her valuable property and the approximate amount of her monthly expenses for the Court to assess her IFP application. (*Id.*; *see* dkt. # 1 at 2.) To date, Plaintiff has not filed a response to the Order to Show Cause.

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous." *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005). To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide him[ or her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

Plaintiff has failed to correct or respond to the deficiencies in her IFP application, as identified in this Court's Order to Show Cause (dkt. # 4) and explained above. After careful consideration of Plaintiff's IFP application, the governing law, and the balance of the record, the Court RECOMMENDS that Plaintiff's IFP application (dkt. # 1) be DENIED and that Plaintiff be directed to pay the filing fee. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this

1   Report and Recommendation is signed. Failure to file objections within the specified time may
2   affect your right to appeal. Objections should be noted for consideration on the District Judge's
3   motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may
4   be filed by **the day before the noting date**. If no timely objections are filed, the matter will be
5   ready for consideration by the District Judge on **December 23, 2024**.

6       The Clerk is directed to send copies of this order to the parties and to the Honorable
7   James L. Robart.

8       Dated this 6th day of December, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3