UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRIS BRISCOE,<br><br>              Plaintiff,<br><br>  v.<br><br>GAVIN HEPBURN, et al.,<br><br>              Defendants. | CASE NO. C24-1888JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Kris Briscoe's motion to maintain this action under seal or, in the alternative, to seal certain claims. (Mot. (Dkt. # 3).) The court DENIES the motion.

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming that presumption by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring

ORDER - 1

disclosure[.]" *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).[1] "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

A party seeking to seal an entire case faces "an even heavier burden." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "[I]n the context of civil proceedings, the decision to seal the entire record of the case . . . must be necessitated by a compelling governmental interest and [be] narrowly tailored to that interest." *Id.* (quoting *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013)). For example, courts will maintain cases under seal where disclosure could compromise an ongoing criminal investigation, *see United States v. Index Newspapers LLC*, 776 F.3d 1072, 1086 (9th Cir. 2014), or where authorized under the federal False Claims Act, *see* 31 U.S.C. § 3730(b)(2) (providing that

---

[1] The "compelling reasons" standard applies to a complaint because "the operative complaint is the crux of any civil action." *Paul Johnson Drywall Inc. v. Sterling Grp. LP*, No. CV-21-01408-PHX-DWL, 2021 WL 5218014, at *1 (D. Ariz. Oct. 19, 2021) (citing *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1161 (N.D. Cal. 2021)).

1 a complaint alleging a violation of that Act shall be filed under seal and remain sealed for
2 60 days while the Government considers whether to intervene in the action).

3       Here, Ms. Briscoe has not "articulat[ed] compelling reasons supported by specific
4 factual findings" that would justify sealing her complaint, let alone suggested that sealing
5 the case in its entirety is "necessitated by a compelling governmental interest."
6 *Kamakana*, 447 F.3d at 1178; *Oliner*, 745 F.3d at 1026; (*see generally* Mot.). Rather, she
7 requests a "virtual hearing" to discuss why she seeks to seal this case. (Mot. at 1.) The
8 court has reviewed Ms. Briscoe's complaint and finds nothing therein that appears to
9 justify sealing the complaint or this case. (*See generally* Compl. (Dkt. # 1-1).) To the
10 contrary, the allegations in Ms. Briscoe's complaint appear to be no more sensitive than
11 those made in other employment discrimination cases filed in this court. There is
12 absolutely no indication in the complaint that disclosure of the case would compromise
13 an ongoing criminal investigation, interfere with governmental review of an action under
14 the False Claims Act, or frustrate some other compelling governmental interest.

15       Accordingly, the court DENIES Ms. Briscoe's request for a virtual hearing and
16 DENIES her motion for leave to maintain this action under seal or to seal certain claims
17 in her complaint (Dkt. # 3). The court will maintain Ms. Briscoe's complaint under seal
18 until **January 9, 2025**, to allow her the opportunity to withdraw it and thus avoid its
19 disclosure. If Ms. Briscoe does not withdraw her complaint by **January 9, 2025**, the
20 //
21 //
22 //

1  court will lift the seal on the complaint.  The Clerk is DIRECTED to maintain Ms.

2  Briscoe's complaint (Dkt. # 1-1) under seal until further order of the court.

3       Dated this 10th day of December, 2024.

 

                                           JAMES L. ROBART
                                         United States District Judge